UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-124-MOC
(5:04-cr-MOC-1)

| | | |
|---|---|---|
| **JOSEPH RICHARD GREENE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the Government's Amended Motion to Dismiss Joseph Richard Greene's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C § 2241. (Doc. No. 13.) Greene is represented by the Federal Public Defender for the Western District of North Carolina.

I.     **BACKGROUND**

On November 19, 2004, Greene pled guilty in federal district court, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Accept. & Entry of Plea, Doc. No. 15.[1] A federal probation officer then prepared a Presentence Investigation Report ("PSR") for sentencing purposes. PSR, Doc. No. 33. Applying the 2004 United States Sentencing Guidelines ("U.S.S.G.") Manual, the probation officer identified four prior felony convictions, all in North Carolina, that triggered a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). PSR ¶ 23.

The ACCA provides for a mandatory minimum sentence of 15 years in prison for a

---

[1] Unless otherwise indicated, document citations that are not in parentheses are from Greene's underlying criminal case, and document citations that are in parentheses are from the instant civil action.

1

defendant convicted of being a felon in possession of a firearm, if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). Without the ACCA enhancement, the statutory maximum sentence for someone convicted under § 922(g)(1) is 10 years imprisonment. See 18 U.S.C. § 924(a)(2). Greene's qualifying predicate offenses under the ACCA were felonious breaking and entering (1977), breaking and entering larceny (1978), breaking and entering (1997), and common law robbery (1997). PSR ¶ 23

The probation officer calculated a total offense level of 31. PSR ¶ 25. Greene had 26 criminal history points, which established a criminal history category of VI, even without application of the armed career criminal enhancement. PSR ¶ 59. With the ACCA enhancement, he faced a statutory minimum of 15 years and a maximum of life in prison. § 924(e). His advisory Sentencing Guidelines range was 188–235 months' imprisonment. PSR ¶ 90. The Court sentenced Greene to 188 months in prison. J., Doc. No. 24. Judgment was entered on August 29, 2005, id., and Greene did not file an appeal.

In 2011, the Fourth Circuit Court of Appeals decided United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In that case, the court upended circuit precedent and held that a prior North Carolina conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Id. at 241.

Seeking to take advantage of the holding in Simmons, Greene filed a Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255, in this Court, asserting that his 1997 breaking and entering conviction no longer qualifies as a predicate offense under the ACCA because the maximum sentence he could have received for that offense was 12 months in prison. § 2255 Mot., No. 5:12-cv-00096-RLV (W.D.N.C. filed July 10, 2012), Doc. No. 1. The ACCA requires that a predicate offense be "punishable by imprisonment for a term exceeding one year." §

924(e)(2)(B). The Court dismissed the Motion as untimely because it was filed more than a year after Greene's judgment became final, see 28 U.S.C. § 2255(f)(1). Order Den. § 2255 Mot., id. at Doc. No. 8 (filed February 25, 2014). The Fourth Circuit denied Greene's application for a certificate of appealability. United States v. Greene, 583 F. App'x 188 (4th Cir. 2014) (Mem).

In 2015, the United States Supreme Court issued its opinion in Johnson v. United States, holding that the residual clause in the ACCA's definition of "violent felony" is unconstitutionally vague under the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). When Greene was sentenced, "violent felony" was defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (2004) (emphasis added). The italicized closing words of § 924(e)(2)(B) constituted the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. Pursuant to Johnson, a defendant whose sentence was enhanced under the ACCA based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Id. at 2563.

Greene, through counsel, filed a motion in the Fourth Circuit seeking authorization to file a successive § 2255 motion based on Johnson. In re: Joseph Richard Greene, No. 16-305 (4th Cir. filed April 5, 2016), ECF Nos. 2-1. He argued that under Johnson, his conviction for common law robbery no longer qualifies as an ACCA predicate offense and that under Simmons, his 1997 breaking and entering conviction no longer qualifies as a predicate offense, leaving him with only two qualifying predicate offenses under the ACCA. Id. at ECF No. 2-3. The Fourth Circuit denied Greene's motion, stating that even if the holding in Johnson applied retroactively, it would not entitle Greene to relief. Id. at ECF No. 5 (citing United States v. Mungro, 754 F.3d

267, 272 (4th Cir. 2014) (holding that a North Carolina breaking or entering conviction generally qualifies as generic burglary under the ACCA's enumerated offense clause)).

On April 18, 2016, the Supreme Court held that Johnson applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1260 (2016). Subsequently, Greene filed another motion in the Fourth Circuit for authorization to file a successive § 2255 motion to vacate. See In re: Joseph Richard Greene, No. 16-9145 (4th Cir. filed June 9, 2016), ECF No. 2-1. He again argued that under Johnson and Simmons, he no longer qualifies for an enhanced sentence under the ACCA. Id.

Prior to a ruling on that motion, Greene opened the instant application for habeas relief in this Court by filing a § 2255 Motion to Vacate on June 24, 2016, challenging his sentence enhancement under Johnson and Simmons. (Doc. No. 1.) On June 27, 2016, the Fourth Circuit denied Greene's request for authorization to file a second-or-successive § 2255 motion, noting that the motion "relie[d] on the same basic premises as his most recent prior § 2244 motion, which [the] Court has already denied." In re: Greene, No. 16-9145 at ECF No. 7.

Greene concedes that he cannot proceed on his § 2255 Motion but contends he is entitled to relief pursuant to 28 U.S.C. § 2241. (Doc. No. 3.) The Government has moved to dismiss this action, arguing that the Court does not have jurisdiction to consider Greene's Motion under § 2241. (Am. Mot. to Dismiss, Doc. No. 13.) Greene responded to the Government's motion (Doc. No. 15), and the Government has filed a Reply (Doc. No. 16).

**II.     DISCUSSION**

The Government does not dispute that if Greene were sentenced today, he would not qualify as an armed career criminal under the ACCA. After Johnson, Greene's North Carolina conviction for common law robbery no longer qualifies as an ACCA predicate "violent felony." See United States v. Gardner, 823 F.3d 793, 804 (4th Cir. 2016). And, under Simmons, Greene's

1997 conviction for breaking and entering no longer qualifies as an ACCA predicate because he could not have been sentenced to more than 12 months in prison for that offense.[2] The problem for Greene is that neither Simmons nor Johnson operating alone provide him relief from his current sentence. Johnson has no bearing on the validity of his three North Carolina breaking and entering convictions, as they fall under the ACCA's enumerated offense clause, see Mungro, 754 F.3d at 272, and Simmons has no bearing on the validity of Greene's common-law robbery conviction. Thus, under either controlling case, Greene still has three valid ACCA predicate offenses. The only way Greene does not fall under the ACCA, then, is if Johnson and Simmons are applied in tandem.

Greene's ability to request post-conviction relief is constrained by the rules set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Rhines v. Weber, 544 U.S. 269, 274 (2005). A federal prisoner challenging the legality of his sentence must do so under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); see also In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Additionally, AEDPA limits the jurisdiction of federal courts to hear second or successive habeas applications under § 2255. Specifically, courts may hear second or successive petitions only if they pertain to (1) "newly discovered evidence . . . [clearly and convincingly establishing] that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Accordingly, while a

---

[2] Greene's 1997 conviction was for breaking and entering in violation of N.C. Gen. Stat. § 14-54(A), a Class H felony. (J. and Commit. 1, Pet'r's Ex. 1, Doc. No. 1-1.) Greene was a Prior Record Level III and was sentenced in the presumptive range to 10-12 months in prison. (J. and Commit. Form 1.) For a defendant with a prior record level III, the presumptive sentencing range in 1997 for a Class H Felony was a minimum of 8-10 months and a maximum of 10-12 months. See N.C. Gen. Stat. 15A-1340.17 (1999).

successive motion to vacate based upon Johnson would be possible, a successive motion based upon Simmons would not. Indeed, when the Fourth Circuit denied Greene's motions for authorization to file a successive § 2255 based upon Johnson and Simmons, it did so solely on the grounds that Greene failed to make a prima facie showing that he was entitled to relief under Johnson. See In re: Joseph Richard Greene, No. 16-305 at ECF No. 5; In re: Joseph Richard Greene, No. 16-9145 at ECF No. 7.

Because this Court does not have jurisdiction to consider a successive § 2255 motion, Greene contends it should consider the instant action as a traditional habeas petition pursuant to 28 U.S.C. § 2241.[3] A prisoner may seek traditional habeas relief pursuant to § 2241, only if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e)). If a federal prisoner brings a § 2241 petition that does not fall within the scope of § 2255(e)'s "savings clause," then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir .2010). Greene contends that the hybrid nature of his claim renders § 2255 inadequate to test the legality of his detention.

Thus far, the Fourth Circuit has determined that § 2255 is inadequate or ineffective to test the legality of a petitioner's detention only when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[3] Section 2241 requires that a petition under this statute be filed in the federal district that has jurisdiction over the petitioner's custodian, who, in this case, is the warden of the prison where Greene is confined. 28 U.S.C. § 2241(a); Kanai v. McHugh, 638 F.3d 251, 257 (4th Cir. 2011) (citing Padilla v. Rumsfeld, 542 U.S. 426, 442 (2004)). An objection based upon a petitioner's failure to file his § 2241 in the district with jurisdiction over his custodian may be waived, however, Kanai, 638 F.3d at 538, and the Government has chosen to waive that objection here (Am. Mot. to Dismiss 5 n.2, Doc. No. 13).

In re Jones, 226 F.3d 328, 329 (4th Cir. 2000). Here, Greene challenges the legality of his sentence, not his conviction, and neither Johnson nor Simmons decriminalized any part of Greene's underlying conduct.

Greene's claim is that his sentence exceeds the statutory maximum, see § 924(a)(2), which "is exactly the kind of claim that a motion to vacate is designed to 'remedy[.]'" McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1086 (11th Cir. 2017); see also 28 U.S.C. § 2255(a) (A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed . . . in excess of the maximum authorized by law[.]") As noted, the Fourth Circuit has not extended the reach of § 2255(e)'s savings clause to petitioners challenging only their sentence. United States v. Poole, 531 F.3d 263, 267 n.7, 274 (4th Cir. 2008).[4] The Government, on the other hand, takes the position that a statutory construction error that results in the imposition of a sentence in excess of the statutory maximum may be cognizable under the savings clause. (Gov.'s Reply 3, Doc. No. 16.)

The circuit courts that have concluded § 2255(e) applies to sentencing challenges, allow a prisoner to file a habeas petition under the savings clause "when he shows that, at some point after his first § 2255 proceeding, there was a retroactive decision from an authoritative federal court, which interpreted a statute in a way that now reveals a fundamental defect in that prisoner's conviction or sentence." McCarthan, 851 F.3d at 1116 (Martin, J., dissenting). The Sixth Circuit, for example, requires a petitioner to show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that

---

[4] But see United States v. Surratt, 797 F.3d 240, 274 (4th Cir. 2015) (Gregory, J., dissenting), reh'g en banc granted (Dec. 2, 2015), appeal dismissed (April 21, 2017) ("§ 2255 is 'inadequate or ineffective' when the retroactively-applicable change in the law that the prisoner seeks to take advantage of occurs subsequent to his first § 2255 motion. . . .[,] the asserted error represents a fundamental defect, [and] the prisoner cannot satisfy the gatekeeping provisions of § 2255 because he relies on a new rule that is not one of constitutional law." (quotation omitted and alterations adopted)). See also United States v. Surratt, 855 F.3d 218, 220 (4th Cir. 2017) (Mem) (Wynn, J., dissenting from dismissal).

the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." Hill v. Masters, 836 F.3d 591, 595 (6th Cir. 2016). The Seventh Circuit's test likewise requires: 1) "a statutory-interpretation case, rather than a constitutional case[,]" 2) that is "retroactive [and] . . . could not have [been] invoked in [the] first § 2255 motion[,]" and 3) "that the sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013) (quotations and citations omitted; original alterations adopted).

Greene cannot pass the tests articulated above. While Simmons is a statutory interpretation case that is retroactive on collateral review, see Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013), Greene raised a Simmons claim in his initial § 2255 motion. See § 2255 Mot., No. 5:12-cv-00096-RLV. His Motion was dismissed because it was untimely, not because a remedy was unavailable through § 2255.[5] See Order Dismiss. § 2255 Mot., id. Thus, Greene's claim that his 1997 breaking and entering conviction no longer qualifies as an ACCA predicate was not foreclosed by binding precedent, see Hill, 836 F.3d at 595; Brown, 719 F.3d at 586, and § 2255 was adequate to test the legality of his detention under Simmons, see In re Vial, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective . . . because an individual is procedurally barred from filing a § 2255 motion[.]").

Greene tries to get around this by pointing out that Johnson was decided after his § 2255 motion was resolved. Johnson is a case of constitutional interpretation, however. Consequently, a § 2255 motion is adequate and effective to test the legality of a petitioner's detention under that case. See § 2255(h). Greene has not cited, and this Court was unable to find, any case holding

---

[5] Although the Fourth Circuit held in Miller v. United States that Simmons announced a new substantive rule that is retroactively applicable to cases on collateral review, 735 F.3d 141, 147 (4th Cir. 2013), it was retroactive in Miller's case only because the government waived the statute of limitations, id. at 143.

8

that a prisoner could challenge his detention under the savings clause based upon retroactive application of a new rule of constitutional law.

Greene's attempt to fit his claim under the savings clause is akin to trying to fit a square peg into a round hole. Calling the claim "hybrid" does not change the fundamental character of the two cases at issue. Johnson does not become a case of statutory interpretation simply because Greene cannot obtain relief solely under Simmons.

Additionally, it is not clear how § 2255, which was adequate to test the legality of Greene's detention under Simmons when he filed it, is no longer adequate now that Johnson has been handed down. The constitutional rule announced in Johnson made no substantive change in the law governed by the Fourth Circuit's decision in Simmons. In other words, whether Greene's 1997 conviction qualifies as an ACCA predicate under Simmons is unaffected by the ruling in Johnson.

It may be that Greene is entitled to relief through some mechanism, but given the law of this circuit and others, he may not obtain it through the savings clause.[6] Indeed, this Court strongly believes that it is fundamentally unfair to require a defendant to serve additional time because of a procedural error or due to some technical hurdle. However, a court of law has no power to act unless it has jurisdiction, and this Court does not have jurisdiction to consider the merits of Greene's § 2241 petition. See Rice, 617 F.3d at 807.

**IT IS, THEREFORE, ORDERED** that the Government's Amended Motion to Dismiss Greene's 28 U.S.C § 2241 Petition for Writ of Habeas Corpus (Doc. No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Greene's 28 U.S.C § 2241 Petition for Writ of

---

[6] In his Response to the Government's Amended Motion to Dismiss, Greene asserts for the first time that prohibiting him from proceeding via the savings clause and § 2241 would violate the Suspension Clause, U.S. Const. Art. 1, § 9, cl. 2. (Resp. to Am. Mot. to Dismiss 5-6, Doc. No. 15.) That argument is foreclosed by circuit precedent. See In re Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (holding that the limitations imposed on second and successive § 2255 motions by AEDPA do not constitute a suspension of the writ (citing Felker v. Turpin, 518 U.S. 651 (1996))).

Habeas Corpus (Doc. No. 1) is **DISMISSED**.

    **SO ORDERED.**

Signed: October 19, 2017

Max O. Cogburn Jr
United States District Judge